FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 29 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

FRANCISCO VASQUEZ-ARGUELLO,

Defendant.

13-CR-302

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decision making authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On January 14, 2014, defendant pleaded guilty to one count of a two-count indictment. The count to which defendant pleaded guilty charged that between January 2010 and April 2013 defendant, together with others, conspired to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and U.S.C. §§ 841(a)(1) and (b)(1)(A). The defendant has been incarcerated for over 13 months since his arrest.

This court finds the total offense level to be 25 and the defendant's criminal history to be category I, yielding a guidelines range of imprisonment between 57 and 71 months. The maximum term of imprisonment is life, and the maximum fine is $10,000,000. *See* 21 U.S.C. §841(b)(1)(A). A special assessment of at least $100 is mandatory. *See* 18 U.S.C. § 3013.

On May 19, 2014, Vasquez-Arguello was sentenced to 13 months of imprisonment and three years of supervised release. A $100 special assessment was imposed. There was no fine because defendant has minimal assets, and it is unlikely that he will have any in the near future.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). An incarceration sentence within the guidelines is not appropriate in this case.

Defendant, based in Tuscon, Arizona, helped distribute large amounts of marijuana to a group of co-conspirators based in Pennsylvania, New York, and Virginia. Because he spoke some English, he served as an intermediary for a Spanish-speaking supplier known as "Jose" and the East Coast purchasers. He invested a modest amount of his own cash in the operation and helped package and store marijuana in Arizona.

Defendant did not lead, manage, or supervise any other member of the organization. Defendant states that he earned no more than $10,000 for his assistance over the three years of the charged conspiracy.

The defendant is married with two young children, ages 8 and 15. The younger child suffers from Type I diabetes and requires an insulin pump. He has been hospitalized on multiple occasions for low blood-sugar levels. Both children are United States citizens. The defendant has lived in the United States since 1994, but is not a citizen. He faces removal to Mexico as a result of his conviction. The government does not oppose a downward departure based on family circumstances.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the 13 months of imprisonment the defendant has served. Specific deterrence has been substantially achieved through this incarceration and forthcoming removal. Defendant has expressed genuine remorse and a sincere recognition of the harm his conduct has caused.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: May 21, 2014
Brooklyn, New York